## COURT OF APPEALS
## DECISION
## DATED AND FILED

### February 18, 2025

**Samuel A. Christensen**
**Clerk of Court of Appeals**

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.**

Appeal No. **2024AP667**

**STATE OF WISCONSIN**

Cir. Ct. No. **2023SC18584**

**IN COURT OF APPEALS**
**DISTRICT I**

---

MILWAUKEE BOARD OF SCHOOL DIRECTORS,

    PLAINTIFF-RESPONDENT,

  V.

GEVONCHAI L. HUDNALL,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Milwaukee County: REYNA I. MORALES, Judge. *Dismissed.*

¶1 COLÓN, J.[1] Gevonchai L. Hudnall, *pro se*, appeals from a judgment of the circuit court entered in favor of the Milwaukee Board of School

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Directors (the Board). For the reasons set forth below, this court dismisses Hudnall's appeal.

## BACKGROUND

¶2 Hudnall worked as a teacher[2] in the Milwaukee Public School System beginning with the 2018-19 school year and ending with her resignation effective January 3, 2022, during the 2021-22 school year. As part of her employment, Hudnall had a contract with the Board. Hudnall and the Board originally entered into the contract beginning with the 2018-19 school year, and the contract was renewed on an annual basis. Her teaching contract contained a liquidated damages provision providing that, should Hudnall "resign[] during the course of the school year," she would be responsible for paying liquidated damages in the amount of $3,000.

¶3 As a result of Hudnall's resignation effective January 3, 2022, the Board considered Hudnall to be in breach of her contract, and sought payment of the $3,000 of liquidated damages from Hudnall. When Hudnall refused to pay, the Board filed this small claims action against Hudnall for the $3,000 of liquidated damages provided in the contract. The court commissioner found in favor of the Board, and Hudnall sought *de novo* review in the circuit court. Hudnall failed to appear at the trial scheduled before the circuit court, and the circuit court entered judgment in favor of the Board. Hudnall appeals.

---

[2] Hudnall states that she was reclassified as a permit teacher when she was unable to obtain a teaching license in Wisconsin. For purposes of this appeal, this court refers to Hudnall simply as a teacher and makes no distinction between teacher and permit teacher.

**DISCUSSION**

¶4      On appeal, Hudnall argues that the circuit court judgment should be vacated because the Board breached the contract first.  Hudnall, therefore, argues that the Board's actions rendered the contract null and void.  This court need not reach Hudnall's arguments on appeal.

¶5      As the Board argues in response, the circuit court properly entered judgment against Hudnall as a default judgment when Hudnall failed to appear at the trial before the circuit court.  *See* WIS. STAT. § 799.22(1).  As such, the Board further argues that Hudnall's recourse was to file a motion to reopen the default judgment, and because Hudnall failed to do so, this court lacks the ability to decide Hudnall's appeal.

¶6      Under WIS. STAT. § 799.22(1), when "the plaintiff fails to appear on the return date or on the date set for trial, the court may enter a judgment for the defendant dismissing the action, on motion of the defendant or on its own motion."  Thus, the circuit court here acted pursuant to its statutory authority when it granted a default judgment for the Board when Hudnall failed to appear at the scheduled hearing.

¶7      "There shall be no appeal from default judgments, but the [circuit] court may, by order, reopen default judgments upon notice and motion or petition duly made and good cause shown."  WIS. STAT. § 799.29(1)(a).  Further, § 799.29(1)(a) provides "the exclusive procedure" for reopening a default

judgment in a small claims proceeding. ***Martindale Pinnacle Constr. v. Pulley***, No. 2019AP2290-FT, unpublished slip op. ¶6 (WI App Apr. 16, 2020).[3]

¶8 In other words, this court has no authority to decide Hudnall's appeal. Hudnall's appeal is from a default judgment, and Hudnall has not sought to reopen that default judgment in the circuit court prior to appeal. "[T]he appeal in this case can only be from the denial of the motion to reopen. [WIS. STAT. §] 799.29(1) bars an appeal from a default judgment, only permitting an appeal from the order denying the motion to reopen a default judgment." ***Mandujano v. Mendoza***, No. 2018AP109, unpublished slip op. ¶6 (WI App July 25, 2018). Therefore, this court does not have the authority to review the default judgment underlying this appeal, and this court concludes that Hudnall's appeal must be dismissed.[4]

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] Pursuant to WIS. STAT. RULE 809.23(3)(b), an unpublished opinion issued on or after July 1, 2009, that is authored by a member of a three-judge panel or by a single judge under WIS. STAT. § 752.31(2) may be cited for its persuasive value.

[4] This court further notes that Hudnall did not file a reply, and therefore, this court may also consider that Hudnall has conceded the Board's argument on appeal that this appeal must be dismissed for failure to follow procedure. *See **United Coop. v. Frontier FS Coop.***, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (stating that the failure to refute a proposition asserted in a response brief may be taken as a concession).